[Civ. No. 17928. Second Dist., Div. Three. Sept. 25, 1950.]

TAD TRAVERS, Respondent, v. HARRY R. SIME et al., Appellants.

George Acret for Appellants.

Ralph W. Swagler for Respondent.

SHINN, P. J.—Harry R. Sime recovered judgment against certain individuals which was affirmed on appeal. (*Sime* v. *Malouf*, 95 Cal.App.2d 82 [212 P.2d 946, 213 P.2d 788].) When the judgment debtors were ready to pay the judgment it amounted to about $88,000. The present action was filed by Tad Travers, claiming a half interest in the judgment, and an order was issued against Sime and the other defendants herein restraining them temporarily from collecting more than one-half of the judgment. The judgment debtors paid one-half of the judgment to defendant Pyle, as assignee of Sime, and under order of the superior court in *Sime* v. *Malouf, supra,* pursuant to a written agreement with the present defendants, deposited the remainder, amounting to $44,315.15 with the county clerk, to be held subject to further order of the court in said action. The judgment was thereupon satisfied in full and the sum deposited still remains in the custody of the court. Thereafter upon the hearing of the order to show cause a temporary injunction was issued restraining the defendants from collecting or attempting to collect any of the money on deposit with the county clerk until the final determination of the present action. Defendants appeal from this order.

The complaint of Travers alleges that he and Sime were joint adventurers in the transactions which culminated in Sime's obtaining the judgment above mentioned, and that the

cause of action was prosecuted by Sime for the joint benefit of himself and Travers. A history of the factual background of that litigation will be found in our opinion above cited, to which reference is hereby made.

The Travers' complaint alleges, and defendants admit, that the judgment was assigned by Harry S. Sime to E. C. Pyle, who assigned one-half thereof to Sime's wife, Iona H. Sime, and one-fourth to George Acret. Plaintiff also alleges that the assignment to Mrs. Sime was without consideration and in fraud of creditors, which the defendants deny. It is not disputed that E. C. Pyle and George Acret each acquired one-fourth interest in the judgment in consideration of legal services rendered in the case of *Sime* v. *Malouf*. Of the sum of $44,315.15 that was paid to Pyle, $1,584.57 was paid to Sime as one-half of his costs in the former case, $21,365.24 was paid to Acret and $21,365.24 was retained by Pyle.

Upon the hearing of the order to show cause defenses to Travers' action and his application for an injunction were presented by means of answers and affidavits. It was denied that any joint venture was ever undertaken by Travers and Sime. The affidavits of defendants furnished evidence as to the relationship of the parties and the conduct of Sime which the defendants contended in the trial court, and contend here, is sufficient to disprove and dissipate the claims of Travers to any interest in the judgment or the money on deposit. It is insisted on this appeal that the court should have decided on the evidence before it that Travers' claims are groundless and that the defendants alone are entitled to receive the money in question. This contention cannot prevail. Travers' complaint states a cause of action, and although his allegations were denied, it will require a trial of the action to determine the factual issues raised by the pleadings. Upon the record before us it does not appear as a matter of law that the action is without merit and we cannot, of course, undertake to weigh the conflicting evidence that was before the trial court. We may add, however, that both plaintiff and defendants are in error in their attempts to find something in our opinion in *Sime* v. *Malouf* which would have a bearing upon the merits of the present action. There is nothing in that opinion which remotely suggests that Travers has or has not a meritorious claim to an interest in the recovery.

Upon the uncontroverted evidence produced at the hearing, no ground existed for an injunction against defend-

ants Pyle and Acret. Defendants' affidavits stated that Pyle and Acret conducted the former litigation pursuant to an agreement that they would be paid 50 per cent of the net recovery. It appeared without question that each of them had been paid the sum of $21,365.24 and these sums with the sum of $1,584.67 paid to Sime in partial reimbursement of expenses amount to the one-half of the judgment that has heretofore been paid. Although these facts were known to plaintiff before he filed his amended complaint no cause of action was stated therein against defendants Pyle and Acret for the recovery of a judgment against them for any part of the sums they have received. Nor was any attack made upon the validity of the contingent fee agreement or its effectiveness to bind Travers as a joint adventurer, if he was such.

The injunction, as we have seen, has the effect of impounding the entire sum of $44,315.15, and this in view of the undisputed fact that Travers' interest in the fund, if it should be established, would be chargeable with his proportionate share of the costs and expenses, including reasonable attorneys' fees, paid or incurred in the prosecution of the case of *Sime* v. *Malouf*. It was shown in defendants' affidavits, and not denied, that Sime's court expenses amounted to $3,169.35, that the trial of the action in the superior court extended over a period of eight months, that it was held upon 151 trial days, and that the services of the attorneys extended over a period of approximately five years in which they devoted some 12 months' service to the Malouf litigation. The good faith of the parties in entering into the contingent fee arrangement was not questioned in the complaint or affidavits of Travers. It would be manifestly unjust, in any event, to deprive defendants Sime in the present action, even temporarily, of the use of any sum in excess of that which Travers would probably recover if he should be successful. This sum would not exceed what might be found to be Travers' interest in the net recovery, that is to say, the sum remaining after deducting from that share of the money a proportionate share of the costs, expenses and attorneys' fees of the litigation in which the judgment was recovered.

The order was erroneous for the reasons stated, and should be reversed for further proceedings in the trial court.

There was no showing that any of the defendants is insolvent. The question will arise in the course of further proceedings whether there is necessity for an injunction on the ground of insolvency, or upon the ground that the identity

of the fund should be preserved as the property of a joint venture. Another question will be whether the court would be authorized to treat the amount on deposit as a trust fund for the purpose of retaining control of a sufficient amount to satisfy any judgment in favor of plaintiff, if he should prevail. (See Code Civ. Proc., § 572.) The briefs do not discuss these questions and we express no opinion on them.

The order is reversed for further proceedings not inconsistent with the views we have expressed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied October 11, 1950, and appellants' petition for a hearing by the Supreme Court was denied November 20, 1950.